## CAMPBELL (city) v VALEA

Ohio Appeals, 7th Dist, Mahoning Co

Decided Oct 6, 1933

F. R. Hahn, Youngstown, and N. Petica, Jr., Youngstown, for plaintiff in error.

J. C. Hartwell, Youngstown, for defendant in error.

## OPINION

By FARR, J.

Fifth, there is no evidence to support any of the specifications alleged in plaintiff's petition. It is suggested as an alternative, however, that should the court not agree to such claim, then and in that event the verdict of the jury is against the weight of the evidence.

It is disclosed that upon this evening in question, March 5, 1931, at about six-thirty o'clock, Mrs. Valea and her husband were walking on Reed Avenue in the city of Campbell, perhaps fifty feet from its intersection with Twelfth Street, and as they passed along they passed near a manhole and its covering. The husband seems to have been somewhat in advance of the wife, and she coming after, stepped upon the cover of the manhole, and, as before stated, it gave way and she fell down into the opening and was injured from the effects of the fall. Just what occurred at the time is rather difficult to determine from the record in this case. Most of the witnesses are of foreign extraction. Six manhole cleaners testified in behalf of the city as to the condition of manholes and so forth. Whether this cover for this manhole was defective in size and did not fit into the casting intended to receive it, is not definitely disclosed, although there is testimony to the effect that there was a difference between the size of the covering of the manhole and the rim in which it would be placed when in position. As to the difference in size, the testimony differs from a quarter of an inch to three-quarters of an inch, but there is one outstanding fact in this case, and that is that immediately a policeman who was nearby notified the city authorities. They went to this manhole and placed a suitable cover upon this manhole. Just what became of the one that had been there is not disclosed. Whether it was of such size that it fell down into the manhole is not definitely stated, except perhaps by two witnesses. Mrs. Valea says that it fell into the manhole, that the water and mud splashed up upon her shoes and stockings. Another witness, a neighbor or lady friend passing nearby, practically corroborates this statement upon the part of Mrs. Valea, but the city, if it ever obtained possession of this manhole cover, failed or neglected to have it produced upon the trial of the cause, so that from the moment of the fall of Mrs. Valea, the covering of the manhole remains unaccounted for. Therefore, the court may not speculate on what became of it, but there is another outstanding fact in the case, and it is this, that Mrs. Valea fell into this opening. Whether the cover had been removed by some person and was not over the manhole at all at the time is not definitely disclosed, except the husband says that as he passed it looked all right. That, too, would be a matter of conjecture, but however it may be, the cover gave way or was removed for some reason and Mrs. Valea was precipitated into the opening from which she was injured.

We do not believe that there is any question about her right to recover, if this be true, and it must be, because the covering was gone. Whether it went into the catch basin and away some time later with the water that may have increased, or whether it was taken out and mislaid and overlooked by accident or otherwise is not known, but the woman was injured. She recovered the sum of two thousand dollars. It is believed that the record reasonably and fairly well discloses her right to recover.

Then the last claim of error is that the court erred in refusing the defendant's requests to charge the jury before argument, numbers one, two, four, eight, nine and ten. These requests have all been read and considered as fully as could be done, and while some of them perhaps might be subject to criticism in their form, yet it is not believed

that there was any error in the refusal of the trial court to submit the same. There are so many objections to these requests that it would not be profitable to discuss them at great length. It is sufficient to say in this behalf that upon an examination of the record no reversible error is disclosed, and the judgment is affirmed.

Judgment affirmed.

POLLOCK and ROBERTS, JJ. concur in the judgment.